**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 20 2014

JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TCYK, LLC ) <br> Plantiff ) <br> ) <br> v. ) <br> ) <br> John Does 1-15 ) <br> Defendants ) | Civil Action 1:13-cv-03496-WYD-MEH |

## MOTION OF JOHN DOE No.14 TO QUASH SUBPOENA, PRO SE

## ON THE FOLLOWING BASES

1. The Subpoena requires the "Registered Agent" (Comcast Communications Management, LLC) to release protected information, and subjects DOE 14 to undue burden in the form of lost business, public embarrassment, and damaging legal fees.

2. The Subpoena seeks information that is not relevant given the Plaintiff's inability to directly link DOE 14 to alleged infringement activity, as the only information given is an Internet Protocol (IP) Address.

## DISCUSSION

3. DOE 14 is a place of business, and as such allows its vendors, clients, customers, and any affiliated parties to access their internet connection for their personal and professional use, on their own devices. Additionally, per the information provided with this subpoena, the alleged copyright infringement occurred at 5:58pm, which is an hour after DOE 14's place of business closes, requiring it to be a device outside of DOE 14's control used in the alleged infringement.

   Implicit in the rule granting subpoena power is a requirement that the subpoena seek relevant information. An Internet Protocol (IP) Address is not equivalent to an individual or entity; it is not a fingerprint or DNA. As there have been hundreds of users accessing the internet via DOE 14's Internet Protocol (IP) Address, there is no way to ascertain the identity of the alleged copyright infringer by gathering the information attached to the IP Address, therefore the information being demanded by this subpoena is not relevant.

4. Per FED. R. CIV. P. (26)(b)(2)(C)(iii), the quantum of relevance must exceed the quantum of burden on the defendant. As DOE 14 is a place of business, this subpoena will cause undue reputational injury, prejudice, loss of business, and financial burden if this subpoena is allowed to proceed. Per the previous discussion point, there is no relevance in connecting the IP Address of DOE 14 to the alleged copyright infringer, and thus the lack of relevance is greatly outweighed by the severe burden on the defendant.

5. For these reasons, good cause exists to quash the subpoena served on Comcast Communications Management, LLC to compel the disclosure of the name, address, telephone number, and email address of DOE 14.

Respectfully Submitted,

*[signature]*

J. Doe No. 14 (IP 50.155.207.140)

18 February 2014

INCLUSIONS:

Exhibit A: Copy of original AO88B Subpoena, with Judge's Order.

## CERTIFICATE OF SERVICE

This is to certify that a true, correct, and complete copy of the foregoing Motion to Quash Subpoena has been served via Certified First Class Mail, addressed to the Plaintiff's counsel of record as follows:

> David J. Stephenson, Jr.
> 2801 Youngfield St, Suite 300
> Golden, CO 80401

This 18th day of February, 2014.


J. Doe No. 14