IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03496-WYD-MEH

TCYK, LLC, a California Limited Liability Company,

    Plaintiff,

v.

JOHN DOES 2, 3, 5, 8-12, 14, 15,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a Motion of John Doe No. 14 to Quash Subpoena, Pro Se, on the Following Bases [filed March 7, 2014; docket #27]. The motion has been referred to this Court for disposition (docket #30), and the Court finds that oral argument will not assist in its adjudication. For the reasons that follow, Defendant's motion is **denied**.

**I.     Background**

Plaintiff initiated this action on December 27, 2013, alleging that Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films.

In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on Defendants' Internet Service Providers ("ISP") prior to the Rule 26(f) conference. (Docket #7.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #11.) In particular, the

Court authorized Plaintiff to serve third-party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs for the limited purpose of ascertaining the identity of the Defendants based on the IP addresses named in the Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP has assigned an IP address. With the subpoena, the Court directed Plaintiff serve a copy of its order. Finally, the Court emphasized that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information may result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP, Comcast, on or about January 2, 2014. (Docket #27 at 7.) Presumably upon receiving notice of the subpoena from Comcast, Defendant first moved to quash the subpoena on February 20, 2014. (Docket #14.) The Court denied the original motion to quash on procedural grounds [*see* docket # 17], and Defendant filed the present motion on March 7, 2014, arguing that the subpoena should be quashed to protect Defendant from "coercive, harassing contact from the Plaintiff in an attempt to force settlement," because the alleged time of infringement occurred after the close of business and "outside John Doe 14's control," and because the information Plaintiff seeks is irrelevant.

Plaintiff responded to the motion on March 25, 2014 explaining that the investigation report reflects the infringement occurred at 5:58 UTC ("Coordinated Universal Time") which is 11:58 a.m. Mountain time. Further, Plaintiff argues that there is no evidence or other indication that the Defendant would be subject to coercion or harassment by the Plaintiff, particularly considering this Court's admonishment that "improper use" of the information would subject the Plaintiff to

sanctions and Plaintiff's counsel's practice upon being notified by a "John Doe" that the ISP should withhold any identifying information pending any settlement negotiations. Finally, Plaintiff contends that the information it seeks has been found to be relevant by this Court in granting Plaintiff's motion for expedited discovery; moreover, Plaintiff asserts that, if prevented from learning the identifying information, the Plaintiff would be unable to pursue its claims against potential infringers of its protected works.

Although provided the opportunity to do so pursuant to D.C. Colo. LCivR 7.1(c), the Defendant filed no reply brief in support of the motion.

**II.   Discussion**

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. No other grounds are listed.

In this district, a party has no standing to quash a subpoena served on a third party, except as to claims of privilege or upon a showing that a privacy issue is implicated. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) ("[a]bsent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum"); *see also Broadcort Capital Corp. v. Flagler Secs., Inc.*, 149 F.R.D. 626, 628 (D. Colo. 1993). Other courts in the Tenth Circuit have held that a party has standing to challenge a subpoena served on a third party only on the basis of privilege, personal interest, or proprietary interest. *Howard v. Segway, Inc.*, No. 11-CV-688-GFK-PJC, 2012 WL 2923230, at *2 (N.D. Okla. July 18, 2012) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18 (D.D.C. 2005)). Objections unrelated to a claim of privilege or privacy

3

interests are not proper bases upon which a party may quash a subpoena. *Windsor*, 175 F.R.D. at 668; *see also Oliver B. Cannon & Son, Inc. v. Fidelity & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981) (movant lacks standing to raise objections unrelated to any right of privilege). Thus, even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden. *Howard*, 2012 WL 2923230, at *2 ; *see also Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *8 (E.D. Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant.").

The ISP, the recipient of the subpoena, has not objected to its terms. Defendant mentions nothing about whether he/she has standing to quash based on claims of privilege or privacy; however, the Court will assume that, because Defendant seeks to block Plaintiff's ability to learn Defendant's identifying information, Defendant here claims a personal and/or proprietary interest in his/her identifying information. Thus, the Court may consider Defendant's motion to quash, but must limit its analysis to whether the subpoena served on the ISP requires disclosure of privileged or other protected matter, if no exception or waiver applies. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii).

This Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). As for privilege, the burden rests squarely on the moving party to demonstrate that privilege

exists and that the subpoena would disclose such information. *Malibu Media, LLC*, 2012 WL 3089383 at *5.

In this case, Defendant's motion does not address whether the information sought is privileged or otherwise protected. Instead, Defendant asks the Court to quash the subpoena to protect Defendant from "coercive, harassing contact from the Plaintiff in an attempt to force settlement," because the alleged time of infringement occurred after the close of business "outside John Doe 14's control," and because the information Plaintiff seeks is irrelevant. The Court has considered variations of each of these arguments before and reiterates its findings as follows.

Defendant, like many of the litigants in his/her position, alleges that the subpoena should be quashed because Plaintiff is primarily interested in settling rather than litigating its claims. Defendant's argument is insufficient under Rule 45. Though Defendant expresses a concern regarding the fairness of Plaintiff's settlement practices, Rule 45 does not contemplate quashing a subpoena on this basis. Even if it did, however, the Court has not observed nor been made aware of any particular Defendant in the cases before this Court who has experienced "coercive" settlement tactics by the Plaintiff. As the Court noted in a similar case, Plaintiff "may be understandably and even reasonably skeptical of a defendant's assertion of innocence." *See Malibu Media, LLC v. Maness*, No. 12-cv-01873-RBJ-MEH, 2012 WL 7848837, at *6 (D. Colo. Dec. 4, 2012). Even if there is no ultimate liability, "Plaintiff has a constitutional right to file a lawsuit to and engage in discovery to determine whether a defendant or someone using a defendant's IP address infringed on its protected works," provided Plaintiff has a good-faith basis under Rule 11 for bringing suit. *Id*. Similarly, Plaintiff shares the same right as all litigants to settle or dismiss its claims before engaging in discovery and prior to the filing of any dispositive motions. *Id*.

Aside from Plaintiff's right to vindicate its claims through a federal lawsuit and ultimately reach a settlement, Rule 45 does not contemplate quashing a subpoena on the basis of a party's litigation strategy. Equally outside its scope is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation. Indeed, "it is a rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove." *Malibu Media, LLC*, 2012 WL 3089383, at *9 (citations and quotations omitted) (declining to quash a subpoena on the basis of a defendant's embarrassment over the pornographic content of the work allegedly infringed). Thus, the Court declines to quash the subpoena based on the litigation tactics alleged in the motion.

Likewise, Defendant's second argument does not persuade the Court to grant the motion because Rule 45 does not contemplate quashing a subpoena based on a factual dispute between the parties, such as the time of the alleged infringement.

Defendant's third argument regarding relevance is also unavailing as not contemplated by Rule 45. Moreover, Plaintiff's attempt to obtain information from the ISP is a necessary first step in Plaintiff's process of discovering the identities of the alleged infringers for the purpose of enforcing its copyright. The fact that the information Plaintiff seeks will not conclusively establish liability does not persuade the Court that the subpoena should be quashed. To hold otherwise would impose a standard inconsistent with the Federal Rules of Civil Procedure. Thus, the Court will not quash the subpoena based upon the alleged attenuation between Defendant's possible participation in a swarm and actual copyright infringement.

## III.    Conclusion

For the reasons stated above, the Court finds that Defendant has not met his/her burden of showing that the subpoena served on Comcast must be quashed. Therefore, the Motion of John Doe No. 14 to Quash Subpoena, Pro Se, on the Following Bases [filed March 7, 2014; docket #27] is

**denied**.

      Entered and dated at Denver, Colorado, this 16th day of April, 2014.

BY THE COURT:

*[signature: Michael E. Hegarty]*

Michael E. Hegarty
United States Magistrate Judge